**Claire MURRAY, Plaintiff**

v.

**SHAW INDUSTRIES, INC., Defendant.**

**No. Civ.A. 96–11007–WGY.**

United States District Court,
D. Massachusetts.

Dec. 31, 1997.

Jack R. Pirozzolo, Willcox, Pirozzolo & McCarthy, Boston, MA, for Plaintiff.

Kevin J. McDevitt, Mark G. Davis, Susan S. Neal, McDermott, Will & Emery, Washington, DC, James J. Marcellino, Cherie L. Krigsman, McDermott, Will & Emory, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

The Plaintiff, Claire Murray ("Murray"), brought suit against the Defendant, Shaw Industries, Inc., ("Shaw"), alleging copyright infringement and violation of the Lanham Act, 15 U.S.C. §§ 1125(a)(1)(A) and 1125(a)(1)(B). After a jury trial, the jury found liability on both theories and awarded Murray compensatory damages of $386,875

for the infringement of four separate copyrights. Thereafter, the Court awarded statutory damages of $100,000 for each copyright infringed. Pursuant to 17 U.S.C. § 504, Murray elected to receive statutory damages for each of three copyrights infringed, and for the infringement of the fourth copyright, the "Noah's Ark" design, she elected the jury's award in the amount of $235,585.75. In addition, the jury awarded compensatory damages under the Lanham Act in the amount of $58,000. Murray now moves for the entry of judgment in the case awarding her both her elected copyright damages of $535,585.75 and her Lanham Act damages of $58,000, along with attorney's fees and costs, plus interest from the commencement of suit.

## DISCUSSION

The question before the Court is whether Murray is entitled to all of the relief that she seeks, or merely a part of that relief.

### 1. Damages

■ Murray asserts, correctly, that courts in some instances may award damages for both copyright infringement and violation of the Lanham Act in the same action. See *Nintendo of America, Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1010–11 (9th Cir.1994) (upon which Murray relies), *cert, denied sub nom. Sheng v. Nintendo of America. Inc.*, 515 U.S. 1107, 115 S.Ct. 2256, 132 L.Ed.2d 263 (1995). An award under the Lanham Act, however, is expressly made "subject to the principles of equity," 15 U.S.C. § 1117(a); *see Johnson v. Jones*, 921 F.Supp. 1573, 1587 (E.D.Mich.1996). The plaintiff ought not obtain a double recovery where her injuries stemming from the infringement of her copyright and the violation of her rights under the Lanham Act are coextensive. *Cf. Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 720 (2d Cir.1992) (so noting in the context of copyright infringement and trade secret appropriation).

■ The issues of copyright infringement and violation of the Lanham Act were both submitted to the jury, and the jury found liability under both theories. At no point during the proceedings, however, did Murray offer any proof of direct economic damages,

such as lost profits or diminution in the value of her intellectual property flowing from either the infringement or the Lanham Act violation. As a result, both of the verdicts were based entirely on the profits Shaw earned selling Murray's designs. Likewise, the Court's award of statutory damages, although crafted in part to punish and deter the defendant, was necessarily premised on the disgorgement of Shaw's profits, in view of the absence of proof of other damages.

Because the only available theory of damages in this case was based on the surrender of Shaw's profits attributable to the sale of Murray's designs, the measure of damages for the violation of the Lanham Act is coextensive with the measure of damages for copyright infringement. This is not a case, like *Nintendo*, in which the statutory damages for copyright infringement represent different theories of harm or punishment from the Lanham Act damages. Rather, copyright infringement and violation of the Lanham Act served as alternate legal bases for imposing liability and obtaining the recovery of what was essentially the same measure of damages. This Court concludes that it would be inequitable to allow Murray to recover under the Lanham Act in addition to her copyright damages. Although Shaw's actions may have constituted "two wrongs" under the separate statutory schemes governing copyright and trademark, *Nintendo*, 40 F.3d at 1010, those wrongs produced a single harm. Murray is adequately compensated, and Shaw is adequately punished and deterred, by the combination of statutory and actual copyright damages that Murray has elected. This court therefore limits Murray's award to damages for the infringement of her copyrights in the amount of $535,585.75.

### 2. Attorney's Fees and Costs

The discretionary award of attorney's fees and costs is authorized under 17 U.S.C. § 505. Murray seeks, and Shaw does not oppose, the award of attorney's fees in the amount of $78,424.00 and additional costs and expenses in the amount of $9,640.43. Murray's application for attorney's fees follows the lodestar method. *See Marvin Music Co. v. BHC Ltd. Partnership*, 830 F.Supp. 651,

656 (D.Mass.1993); *Codex Corp. v. Milgo Elec. Corp.*, 541 F.Supp. 1198, 1202 (D.Mass. 1982). Murray was represented by five attorneys from the law firm of Willcox, Pirozzolo & McCarthy, Professional Corporation, in various capacities and at various times during this litigation. The hourly rates sought by counsel range from $175.00 per hour for the lead trial counsel to $140.00 and $125 per hour for associate counsel. The Court considers these rates to be reasonable in view of the qualifications and experience of counsel. Counsel have submitted detailed records of their time spent on this matter, detailing those particular times for which a claim of payment is made. Given the complexity of this matter, the duration of trial, and the result achieved, this Court finds that the amount of time counsel spent on this matter is also reasonable. Finally, the documented costs and expenses associated with this action are also reasonable.

■ This Court discerns no unusual circumstances that would justify further upward or downward adjustment to these figures. *See Marvin,* 830 F.Supp. at 657. Accordingly, this Court awards Murray her attorney's fees in the amount of $78,424.00 plus costs and expenses of $9,640.43.

3. Interest

■ Murray also seeks interest from the commencement of the action. There is some question as to whether the 1976 Copyright Act contemplates the award of prejudgment interest. *Compare Robert R. Jones Assocs., Inc. v. Nino Homes* 858 F.2d 274, 282 (6th Cir.1988) (holding that prejudgment interest was unnecessary as the damages award was sufficient to meet the congressional objectives underlying the Act) *with Frank Music Corp. v. Metro–Goldwyn–Mayer,* 886 F.2d 1545, 1551–52 & n. 9 (9th Cir.1989) (reaching the opposite conclusion under the 1909 Act, but declining to express an opinion as to the 1976 Act). In any event, the facts of this case do not warrant such an award.

As discussed, the measure of damages in this case was limited to Shaw's profits, and did not involve any direct economic damages. Prejudgment interest compensates the plaintiff for the loss of the use of money that would have been hers but for the wrongful conduct of the defendant. Here, Murray recovers funds that would not have been hers had Shaw committed no wrong. As a result, the award of prejudgment interest in this case would be inappropriate, even if the Copyright Act might authorize such an award in another case.

### CONCLUSION

Judgment shall be entered in favor of the plaintiff, Claire Murray, in the amount of $535,585.75, plus attorney's fees and costs in the amount of $88,064.43. The motion for prejudgment interest is denied.

SO ORDERED.