**MICROSOFT CORPORATION,**
a Washington corporation,
Plaintiff,

v.

**TIERRA COMPUTER, INC., a Georgia corporation; and Shaofang Qian, an individual, Defendants.**

No. CIV.A. 1:99–CV–1997–TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 16, 2001.

Harold Turner Daniel, Jr., Mary Jo Schrade, Holland & Knight, Atlanta, GA, for Plaintiff.

Lee Scott Goldstein, Hassett Cohen Goldstein Port & Gottlieb, Atlanta, GA, William C. Nesbitt, Office of William C. Nesbitt, Morrow, GA, for Defendants.

## ORDER

THRASH, District Judge.

This is a copyright and trademark infringement action. It is before the Court for an assessment of damages for Defendants' violation of the injunction previously entered in this action. For the reasons set forth below, the Court awards the Plaintiff $1,450,000.00 in statutory damages for copyright and trademark infringement.

## I. BACKGROUND

Plaintiff Microsoft Corporation is a Washington corporation with its principal place of business in Redmond, Washington. It is in the business of developing, promoting, advertising, marketing, distributing and licensing software for computers. Defendant Tierra Computer, Inc. is a Georgia Corporation whose principal shareholder is Defendant Shaofang Qian. On August 3, 1999, Plaintiff Microsoft filed a Complaint against Defendants Tierra Corp. and Qian alleging violations of the Copyright Act, the Lanham Act, the Georgia Uniform Deceptive Trade Practices Act, and unfair competition. The Complaint alleged that the Defendants were selling counterfeit Microsoft software and infringing Microsoft trademarks. The Complaint sought the imposition of a constructive trust and an accounting against both Defendants. After the Plaintiff had filed a motion for summary judgment with this Court, but before the Court's ruling, the parties stipulated to a permanent injunction against Defendants Tierra Corp. and Shaofang Qian. The injunction was entered on April 27, 2000. The injunction, among other things, prohibited the Defendants from infringing registered trademarks owned by Plaintiff through the distribution of software programs, components, end user license agreements or other items protected by Microsoft's registered trademarks and service marks or copyrights. On the same day, the parties also stipulated to the dismissal with prejudice of the original Complaint.

The case did not end there. On October 27, 2000, Plaintiff filed an application for an order to show cause regarding civil contempt and attorneys' fees and costs. Plaintiff alleged that Defendants continued to distribute Plaintiff's software in violation of the permanent injunction entered by this Court six months earlier. This Court granted Plaintiff's motion for order to show cause and motion for award of attorneys' fees and costs. Defendants were ordered to appear for a show cause hearing on January 12, 2001. Defendants did not file any opposition to Plaintiff's contempt motion, nor did they contest the validity of the trademark and copyright registrations attached to the Notice of Lodging. At the January 12 hearing, Plaintiff presented testimony from the United States Customs Service Special Agent Wayne Jones regarding the raid at Defendants' business on June 7, 2000 and the software seized in that raid. Plaintiff also presented the testimony of Tamara Sellars, a Microsoft employee who specialized in the identification of counterfeit software, who testified, generally, that she had examined the seized software and that it was counterfeit and infringing. Defendants presented no witnesses. At the con-

clusion of the hearing, the Court found Defendants in civil contempt for violation of the injunction. The Court took the issue of damages under advisement and allowed the parties to brief the issue. The amount of damages is the subject of the present Order.

## II. DISCUSSION

■■■ Plaintiff seeks to recover statutory damages under both the Copyright Act and Lanham Acts. Courts have wide discretion in awarding statutory damages. *Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir.1991); *Microsoft Corp. v. Compusource Distributors, Inc.,* 115 F.Supp.2d 800, 811 (E.D.Mi.2000). Although not addressed by either party, some courts have held that awards under both the Copyright Act and the Lanham Act can constitute a double recovery. *Manufacturers Technologies, Inc. v. Cams Inc.,* 728 F.Supp. 75, 85 (D.Conn.1989); *Murray v. Shaw Industries, Inc.,* 990 F.Supp. 46, 47 (D.Mass.1997) (awards of damages for copyright infringement and violation of Lanham Act provided plaintiff with impermissible double recovery). The Ninth Circuit acknowledged the possibility, but held instead that a recovery of statutory damages under one act and actual damages under the other was permissible. *Nintendo of America, Inc. v. Dragon Pacific Int'l.,* 40 F.3d 1007, 1011 n. 1 (9th Cir.1994) (awarding statutory damages under the Copyright Act and actual damages under the Lanham Act). This Court holds that the Plaintiff's request for statutory damages under both acts is not an impermissible "double recovery." As explained by the Ninth Circuit, Defendants did not commit only one wrongful act. Had Defendants sold Plaintiff's computer programs without representing that they were Microsoft products, Defendants would have committed only copyright infringement. If Defendants had represented that the computer programs were Microsoft's,

when in fact they were not, then Defendants violated the Lanham Act. While there was one act, there were two wrongs. *Nintendo,* 40 F.3d at 1010–11. "Insofar as the Lanham Act and Copyright Act provide separate remedies for distinct injuries, Microsoft may seek damages under each act." *Compusource Distributors,* 115 F.Supp.2d at 811. Other district courts have awarded Microsoft statutory damages under both acts. *Compusource Distributors,* 115 F.Supp.2d at 812 (awarding Microsoft $50,000 for each of its eight trademarks at issue and $15,000 for each of its nine copyrights at issue); *Microsoft Corp. v. Logical Choice Computers, Inc.,* 2001 WL 58950 *11 (N.D.Ill. Jan. 22, 2001) (awarding $200,000 for each of seven trademarks infringed and $20,000 for each of seven copyrights, for a total of $1,540,000). Statutory damages may be sought when actual damages would be difficult to calculate or to penalize the infringer and deter future violations. *Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1228–29 (7th Cir.1991); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545, 1554 (9th Cir.1989); *Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 851 (11th Cir.1990). Because statutory damages serve purposes in addition to compensation, and the Defendants committed two separate acts, Plaintiff's request for statutory damages for trademark and copyright infringement does not violate the rule against double recoveries. The Court awards Plaintiff the damages it requested as outlined below.

### A. COPYRIGHT DAMAGES

■■■ Plaintiff seeks to recover statutory damages for non-willful infringement under the Copyright Act. The Act, 17 U.S.C. § 504(c), provides:

[E]xcept as provided by clause (2) of this subsection, the copyright owner may

elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which two or more infringers are liable jointly and severally, in a sum not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c). Plaintiff seeks the maximum amount of damages allowable for non-willful infringement. Given this Court's finding of Defendants' violation of a permanent injunction, Plaintiff might have requested willful damages which carry a maximum penalty of $150,000 per copyright infringed. Instead, Plaintiff requests $30,000 for each of the 15 copyrights contained in the counterfeit software seized from Defendant Tierra Computer. During the raid, the United States Customs Service and Plaintiff seized approximately 1400 units of counterfeit Microsoft software and components, including counterfeit Windows 98, Windows NT Workstation Version 4.0, Office 97 Professional Edition, and Office 2000. In response to the Court's order of May 1, 2001, Plaintiff submitted the affidavit of Pauline Ramirez. In her affidavit, Ms. Ramirez testified that the seized counterfeit software contained 15 infringing copyrights.[1] Certified copies of these copyright registrations are on file with this Court, attached to the Complaint filed by Plaintiff on October 6,

2000, in the related case of *Microsoft Corporation v. Tierra Computer, Inc., et al.,* No.1:00–cv–2625. A certificate of registration constitutes prima facie evidence that Microsoft owns valid copyrights for these programs. *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 (7th Cir.1994). Defendants have not rebutted this presumption. The violation of the injunction appears to be blatant and egregious. Because Defendants have not offered any evidence that the 15 copyrights were not in fact contained in the counterfeit articles seized from Tierra Computer, the Court awards Plaintiff statutory damages of $30,000 for each of the 15 infringed copyrights for a total of $450,000 in damages for copyright infringement.

## B. TRADEMARK DAMAGES

■ Plaintiff also seeks the maximum, non-willful damages for the ten trademarks infringed by Defendants' sale of counterfeit Microsoft software. The Lanham Act provides:

In a case involving the use of a counterfeit mark (as defined in section 116(d) of this title) in connection with the sale, offering for sale or distribution of goods or services, the plaintiff may elect at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in amount of-(1) not less than $500 or more than $100,000 per counterfeit mark

---

**1.** The Windows 98, Windows NT Workstation Version 4.0, Office 97 Professional Edition, and Office 2000 contained counterfeit copies of the following copyrighted works: (1) Microsoft Windows 98, (2) Microsoft Office 97 Professional Edition, (3) Microsoft Access 97, (4) Microsoft Excel 97, (5) Microsoft Outlook 97, (6) Microsoft Power Point 97, (7) Microsoft Word 97, (8) Microsoft Office 2000 Professional Edition, (9) Microsoft Access 2000, (10) Microsoft Excel 2000, (11) Microsoft Outlook 2000, (12) Microsoft PowerPoint 2000, (13) Microsoft Publisher 2000, (14) Microsoft Word 2000, and (15) Microsoft Windows NT Workstation Version 4.0.

per type of goods or service sold, offered for sale, or distributed, as the court considers just....

15 U.S.C. § 1117(c). Defendants assert that Plaintiff must prove some amount of actual damages before it can recover statutory damages under the Lanham Act because only in cases of counterfeit trademark use may statutory damages be awarded. A "counterfeit mark," for purposes of awarding statutory damages is defined as "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered...." 15 U.S.C. § 1116(d)(1)(B). The Court considers this an appropriate case for the election of statutory damages. The evidence shows beyond doubt that Defendants used counterfeit marks in the sale of the infringing software packages. (Affidavit of Pauline Ramirez, ¶ 4). Plaintiff may recover statutory damages because Defendants' conduct involved the use of a counterfeit mark. Plaintiff presented evidence that the seized packages of software contained at least ten counterfeit trademarks.[2] (Affidavit of Pauline Ramirez, ¶ 4). It appears that the violation of the injunction was blatant and egregious. The Court awards Plaintiff the maximum for non-willful trademark infringement, or $100,000 per trademark.

Defendants' entire trademark infringement liability totals $1,000,000.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the Defendants are in civil contempt of the injunction and the Court awards Plaintiff $1,450,000 in statutory damages. The Clerk is directed to enter a judgment in that amount against the Defendants, jointly and severally.

---

**2.** Specifically, the counterfeit Windows 98, Windows NT Workstation Version 4.0, Office 97 Professional Edition, and Office 2000 bore the following counterfeit marks: (1) the Windows Flag Logo, (2) the Colored Windows Flag Logo, (3) the Puzzle Piece Logo, (4) "MICROSOFT", (5) "WINDOWS", (6) "POWERPOINT", (7) "MICROSOFT ACCESS," (8) "BOOKSHELF", (9) "OUTLOOK", and (10) "WINDOWS NT."