**TRACFONE WIRELESS, INC.,**
**a Delaware corporation,**
**Plaintiff,**

**v.**

**GCA ELECTRONICS, LLC,**
**et. al., Defendants.**

**Case No. 1:07–CV–3084–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 5, 2013.

---

**32.** The parties' motions to file excess pages [139 & 143] are granted.

Aaron S. Weiss, Maria C. Montenegro, Carlton Fields, P.A., Miami, FL, Gail Podolsky, James Jay Wolfson, Carlton Fields, PA, Atlanta, GA, James B. Baldinger, Carlton Fields, P.A., West Palm Beach, FL, for Plaintiff.

Ashish D. Patel, Thompson Hine LLP, Robert M. Ward, Atlanta, GA, D. Fernando Bobadilla, D. Fernando Bobadilla, P.A., Ft. Lauderdale, FL, Heidi Hudson Raschke, Butler Pappas Weihmuller Katz Craig, LLP, Tampa, FL, for Defendants.

### FINAL ORDER OF CONTEMPT

TIMOTHY C. BATTEN, SR., District Judge.

**THIS MATTER** is before the Court on Plaintiff, TracFone Wireless, Inc.'s ("Plaintiff") Motion to Reopen and for Contempt (the "Motion") against Defendants GCA Electronics, LLC d/b/a Unlockcellular.com and Gunawan Lie ("Defendants"). (DE 69).

On January 23, 2012, Plaintiff moved for an order to reopen this case with respect to Defendants based on their violations of the Final Judgment, to find Defendants in contempt of Court, and to permit Plaintiff to conduct expedited discovery in order to determine the amount of damages to be awarded Plaintiff for Defendants' violations.

On September 13, 2012, 2012 WL 4044864 after considering the testimony and affidavits presented and hearing oral argument for and against the Motion, the Court entered an Order granting in part Plaintiff's Motion. Specifically, the Order reopened the case with respect to Defendants and held them in civil contempt for their violations of the Final Judgment. (DE 81 at p. 1). In addition, the Court granted expedited discovery to determine the scope of Defendants' violations of the Final Judgment and awarded Plaintiff the attorneys' fees and costs it incurred in enforcing compliance with the Final Judgment. *Id.* at p. 2. Finally, the Court reserved ruling on the exact amount of sanctions to be imposed against Defendants. *Id.*

Through discovery, Plaintiff was able to establish the scope of Defendants' violations and that their actions were willful. The Court has reviewed the case file, considered the testimony and affidavits presented, heard argument for and against the Motion, and is otherwise duly and fully advised in the premises.

For the following reasons, the Court **SANCTIONS** Defendants in the principal amount of Seven Million, Eight Hundred and Four Thousand, Eight Hundred and Seventy Dollars and Thirty-Eight Cents ($7,804,870.38), which shall bear interest at the legal rate, for which let execution issue forthwith.

### FINDINGS OF FACT

On July 23, 2008, the Court entered a Final Judgment and Permanent Injunction (DE 60) ("Final Judgment") against Defendants GCA Electronics, LLC and Gunawan Lie ("Defendants"). The Permanent

Injunction contained in the Final Judgment states in part that:

> Defendant, Gunawan Lie, and any person or entity acting or purporting to act on his behalf, including employees, agents or independent contractors who receive notice of this Order, and Defendant GCA Electronics, LLC d/b/a Unlockcelluar.com, and each and all of its officers, directors, shareholders, agents, employees, independent contractors, representatives and all other persons or entities acting or purporting to act on its behalf who receive notice of this Order; shall be hereby are PERMANENTLY ENJOINED from:
>
> a. purchasing, selling, shipping, transferring, or altering in any way, including but not limited to, unlocking or reflashing, (i) any TracFone/NET10 Prepaid Phone [1], whether or not it bears a Registered TracFone Trademark or any other trademark owned by TracFone, (ii) or any other model of wireless mobile device sold or marketed by TracFone so long as such wireless mobile device contains, or originally contained when new, TracFone Software. Specifically, the Defendants are enjoined from purchasing, selling and/or shipping, directly or indirectly, all models of TracFone/NET10 Prepaid Phones regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise altered or modified in any way by any person. This injunction applies to all TracFone/NET10 Prepaid Phones currently or previously offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's websites, http://www.tracfone.com and www.net10.com, including without limitation the following models of TracFone/NET10 Prepaid Phones:

| | |
|---|---|
| Motorola W175 | Nokia 2126 |
| Motorola W260g | Nokia 2126i |
| Motorola W376g | Nokia 2600 |
| Motorola W370R | Nokia 1100 |
| Motorola W370 | Nokia 1112 |
| Motorola W375 | Nokia 1221 |
| Motorola C261 | Nokia 1600 |
| Motorola C139 | Nokia 2285 |
| PINK Motorola | C139 LG 400G |
| Motorola V176 | LG 3280 |
| Motorola V170 | LG CG225 |
| Motorola V171 | LG 1500 |
| Motorola C155 | LG 200C |
| Motorola C343 | Kyocera K126C |
| Motorola V60 | |

> d. purchasing, offering to purchase, selling, offering to sell, or facilitating or brokering any purchase or sales of the TracFone C–139 Unlocking Solution and/or TracFone/NET10 Unlocking Solutions [2] currently in the Defendants' possession or otherwise offered or made available to Defendants presently, or that may be offered to made available to Defendants at any time in the future;

> any and all hardware and software solutions offered for sale by Defendants that Defendants know or should know, at the time of sale, have the capability or may be upgraded to gain the capability, of unlocking and/or reflashing a TracFone/NET10 Prepaid Phone in addition to the capability to unlock and/or reflash other non-TracFone and non-NET10 models of phones.

*Id.* at pgs. 8–9.

---

1. The Final Judgment defines "TracFone/NET10 Prepaid Phone" or "Phone" as:

    a TracFone or NET10 prepaid cellular phone and any other branded wireless telephone sold by TracFone or NET10 either in its original condition containing the TracFone Software or after having been reprogrammed or otherwise altered or tampered with.

    *Id.* at p. 8.

2. The Final Judgment defines "TracFone/NET10 Unlocking Solutions" as:

e. supplying (or facilitating or assisting others to supply) TracFone/NET10 Unlocking Solutions and/or TracFone C–139 Unlocking Solution and/or any and all other TracFone/NET10 Unlocking Solutions to other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction. . . .

Final Judgment at pgs. 9–12.

■ The Final Judgment also provides for payment of compensatory liquidated damages to Plaintiff in the amount of $5,000 per TracFone/NET10 Prepaid Phone Defendants are found to have bought, sold, unlocked, reflashed or otherwise altered in violation of this permanent injunction and $20,000 per TracFone/NET10 Unlocking Solution Defendants are found to have bought, sold, advertised or otherwise utilized in violation of the permanent injunction. *Id.* at p. 13. Further, the Final Judgment states that the consequence for "any violation of the terras of this Preliminary Injunction [is] a finding of contempt" and "[t]he prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs." *Id.*

Despite the clear and unambiguous terms of the Final Judgment, Defendants began advertising and selling TracFone/NET10 Unlocking Solutions. Specifically, Defendants sold at least 386 TracFone/NET10 Unlocking Solutions. In addition, Defendants also violated the Final Judgment by selling at least 4 TracFone/NET10 Prepaid Phones. Defendants admitted that they knowingly violated the Final Judgment.

Defendants' willful violations of the Final Judgment have caused Plaintiff severe damage. For example, Plaintiff has incurred substantial fees in investigating Defendants and hiring an undercover investigator to purchase Defendants' TracFone/NET10 Unlocking Solution. It has also incurred substantial attorneys' fees in determining the magnitude of Defendants' violations and seeking relief from said violations.

Furthermore, Defendants' continued sale of unlocking solutions and Phones substantially harms Plaintiff by depriving it of the opportunity to recoup its losses on the sale of its Plaintiff Prepaid Phones and to earn profits by providing wireless service to legitimate TracFone consumers. Defendants' actions also substantially harm Plaintiff and consumers who ultimately purchase TracFone Phones that have been improperly unlocked. These unlocked TracFone Prepaid Phones will not work as intended. Purchasers of these unlocked phones are unable to access Plaintiff's prepaid wireless service and often blame Plaintiff when the Phone does not operate as anticipated which causes significant harm to Plaintiff's business reputation and goodwill. In sum, the Court finds that the willful and malicious injury by the Defendants caused TracFone to suffer significant harm.

### *ANALYSIS*

■ On September 13, 2012, the Court held Defendants in civil contempt. (DE 81 at pgs. 1–2). The Court has wide discretion to fashion a remedy for civil contempt. *McGregor v. Chierico,* 206 F.3d 1378, 1385 n. 5 (11th Cir.2000); *see also Western Union Holdings, Inc. v. Eastern Union, Inc.,* No. 1:06–cv–01408, 2007 WL 2683714, at *13 (N.D.Ga. Sept. 7, 2007) (finding defendants in contempt and assessed a fine of $1,000 for the most recent contempt, $20,000 in fines for defendants' previous contempt and awarded plaintiffs their attorneys' fees for bringing the motion); *Microsoft Corp. v. Tierra Computer, Inc.,* 184 F.Supp.2d 1329, 1332 (N.D.Ga.2001) (finding Defendants in civil contempt for their

violations of the permanent injunction and awarding plaintiff $30,000 per infringed copyright); *Mead Data Cent., Inc. v. Gross,* No. 1:93–CV–329–ODE, 1997 WL 33463478, at *1 (N.D.Ga. Mar. 31, 1997) (awarding plaintiff $71,000 in damages and attorneys' fees for defendants' violations of the permanent injunction).

Based on Defendants' intentional, fraudulent and willful conduct, the severe harm TracFone has and continues to suffer from Defendants' violations of the Final Judgment, and the compensatory liquidated damages provision in the Final Judgment, the Court finds that $5,000 per TracFone/NET10 Prepaid Phone and $20,000 per TracFone/NET10 Unlocking Solution are reasonable sanctions.

Because Defendants sold at least 4 TracFone/NET10 Prepaid Phones and at least 386 TracFone/NET10 Unlocking Solutions, TracFone is entitled to $7,740,000.00 in monetary sanctions. In addition, Plaintiff is entitled to recover $64,870.38 in attorneys' fees and costs incurred in enforcing compliance with the Final Judgment.

### CONCLUSION

For the reasons set forth above, the Court finds Defendants in civil contempt of the Final Judgment and Permanent Injunction and awards Plaintiff, TracFone Wireless, Inc. damages in the amount of Seven Million, Eight Hundred and Four Thousand, Eight Hundred and Seventy Dollars and Thirty–Eight Cents ($7,804,-870.38), which shall bear interest at the legal rate, for which let execution issue forthwith. The Clerk is directed to enter a judgment in that amount against the Defendants, jointly and severally.

The Court further finds that the Final Judgment and Permanent Injunction remains in full force and effect and any further violations by the Defendants will result in additional sanctions.