**NINTENDO OF AMERICA, INC.,**
Plaintiff–Appellee,

v.

**DRAGON PACIFIC INTERNATIONAL;**
George Sheng, Defendants–
Appellants.

No. 93–15166.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1994.

Decided Nov. 16, 1994.

---

James Donohue, Beth M. Andrus, Miller, Nash, Wiener, Hager & Carlsen, Seattle, WA, for plaintiff-appellee.

Lloyd Warble, Fremont, CA, for defendants-appellants.

Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We decide whether an award of both statutory copyright infringement damages and trademark infringement damages for the sale of video game cartridges constitutes an inappropriate "double recovery."

I

George Sheng, the sole proprietor of Dragon Pacific International, imports electronic products from China. Nintendo of America, Inc.'s ("Nintendo") principal business is the marketing of hardware and software cartridges for its home video game system. In 1990, Sheng began importing and selling video cartridges that were compatible with Nintendo's system.

The cartridges sold by Nintendo usually contain one game. The cartridges sold by Sheng contained numerous games per cartridge, and came in three varieties: thirty-one games in one cartridge (which contained ten Nintendo copyrighted games), forty-two games in one cartridge (which contained eleven Nintendo copyrighted games), and fifty-two games in one cartridge (which contained twelve Nintendo copyrighted games). Sheng infringed a total of thirteen separate Nintendo copyrights. The district court found that Sheng acted "intentionally, willfully, and with actual knowledge that the multiple-game cartridges infringed Nintendo's copyrights." Sheng also represented that the cartridges were Nintendo products and marketed them as such, in violation of Nintendo's trademark rights.

On October 22, 1990, Nintendo filed suit to enjoin Sheng from importing the cartridges and to recover damages for copyright and trademark infringement. On November 15, 1990, the district court entered a preliminary injunction enjoining Sheng from selling, marketing or distributing cartridges using Nintendo's trademark or copyrights. On November 8, 1991, summary judgment on the issue of liability was granted for Nintendo. Sheng does not challenge these rulings.

In the interim, Sheng was also indicted for criminal infringement of copyright and trafficking in counterfeit goods. On November 15, 1991, Sheng filed a motion to continue his civil trial in order to allow the criminal trial to proceed first; the court granted it, but enjoined Sheng from seeking any continuances of the criminal trial. On December 20, 1991, Sheng moved for a second continuance; the court again granted it, even though Sheng had requested that the criminal trial be continued in violation of the court's order. On May 21, 1992, five days before the civil trial was scheduled to begin, Sheng sought a third continuance. In response, Nintendo requested that the court enjoin Sheng from transferring or encumbering any real property as a condition of the continuance. The court gave Sheng the choice of going to trial as scheduled or granting the continuance with the condition that a *lis pendens* be filed. Sheng agreed to this condition, and Nintendo filed a *lis pendens* on May 26, 1992, in accord with the court's order. On June 4, 1992, the court also enjoined Sheng from transferring or encumbering any real property, with the exception of a possible loan to obtain funds to pay his attorneys.

A bench trial on the issue of damages finally took place on December 29 and 30, 1992. At its conclusion, the court awarded Nintendo statutory damages under the Copyright Act of $65,000, representing $5,000 for each of the thirteen copyright infringements. The court also awarded $62,000 in actual damages under the Lanham Act. This sum represented the profits made by Sheng on

the sale of the cartridges—3100 cartridges at a profit of $20 per cartridge, for a total of $62,000. Because Sheng's violations were found willful, this amount was trebled to $186,000.

## II

Sheng claims that the award of both statutory copyright infringement damages and trademark infringement damages constitutes a "double recovery." We examine each award separately.

■ The damage award for copyright infringement, standing alone, was appropriate. The damages provision of the Copyright Act states:

> [A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer ...; or (2) statutory damages....

17 U.S.C. § 504(a). Under section 504(c)(1), the copyright owner may elect which measure of damages to recover. If statutory damages are elected, the court can award a minimum of $500 and a maximum of $20,000 per infringement. If the court finds the violation was willful, the maximum is raised to $100,000 per infringement. 17 U.S.C. § 504(c)(2). The district court has wide discretion in setting the amount of statutory damages under the Copyright Act. *See BMG Music v. Perez*, 952 F.2d 318, 320 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2997, 120 L.Ed.2d 873 (1992).

■ Nintendo opted for statutory damages. The district court specifically found that Sheng willfully infringed Nintendo's copyrights. The court awarded $5000 for each of the thirteen copyrighted works infringed by Sheng, for a total of $65,000. Given the wide range of damages permissible under the statute, and the willfulness of Sheng's infringements, it cannot be said that the court's award was an abuse of discretion.

■ The damage award for trademark infringement, standing alone, was also appropriate. The damages provision of the Lanham Act states:

> When a violation of any right of the registrant of a mark ... shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled ... to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

15 U.S.C. § 1117(a). If the violation consists of "intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark," section 1117(b) instructs that the court "shall" treble the damages. The district court's award of damages under the Lanham Act is reviewed for abuse of discretion. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir.1993).

■ The district court accepted Sheng's calculation of profits of $20 per cartridge, and multiplied this by 3100 cartridges, for a total of $62,000. Because the court specifically found that Sheng willfully infringed Nintendo's trademarks, trebling the damages was appropriate. Again, given the willfulness of Sheng's violations, and the conservative estimate of actual damages, the court's award was not an abuse of discretion.

■ Sheng correctly points out that, once a copyright owner elects to recover statutory damages, he may not recover actual damages as well under the Copyright Act. 17 U.S.C. § 504. *See Eales v. Environmental Lifestyles, Inc.*, 958 F.2d 876, 881 n. 4 (9th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 605, 121 L.Ed.2d 541 (1992); *see also Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.*, 996 F.2d 1366, 1380 (2d Cir.1993). Similarly, the recovery of both plaintiff's lost profits *and* disgorgement of defendant's profits is generally considered a double recovery under the Lanham Act. 15 U.S.C. § 1117. *See* 1a Jerome Gilson, Trademark Protection and Practice § 8.08[2], at 8–181 to 8–182 (1992). Sheng claims that when Nintendo was awarded damages under each act individually, it received a double recovery. However, one plus one does not necessarily equal two in this case.

■ First, Nintendo's claims were not, as Sheng suggests, based on the same wrongful act. If Sheng had sold the cartridges without representing that they were Nintendo

products, he would have committed the wrong of copyright infringement. Or, if Sheng had represented that the cartridges were Nintendo products, even though they contained no Nintendo games, he would have committed the wrong of trademark infringement. Put together, selling the cartridges may have been one act, but it was two wrongs. *Cf. Dive N' Surf, Inc. v. Anselowitz,* 834 F.Supp. 379, 383–84 (M.D.Fla.1993) (awarding statutory copyright damages and trademark damages of lost profits for defendant's T-shirts, which simultaneously infringed plaintiff's copyright and its trademark). Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both.

Second, Nintendo did not recover the same type of damages under both acts. A copyright owner may elect either actual damages or statutory damages under the Copyright Act. Actual damages consist of elements such as the profits lost by the copyright holder, the profits made by the infringer or the diminution in value of the copyright. Such damages are designed to compensate the plaintiff and to prevent the defendant's unjust enrichment. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 512 (9th Cir.1985); *see also Chi–Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1228–29 (7th Cir.1991). The same is true of actual damages under the Lanham Act, which states: "[The award] ... shall constitute compensation and not a penalty." 15 U.S.C. § 1117. *See also Lindy Pen Co., Inc. v. Bic Pen Corp.,* 982 F.2d 1400, 1407–09 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 64, 126 L.Ed.2d 34 (1993); *Playboy Enters. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1274 (9th Cir.1982) ("[T]he trial court's primary function should center on making any violations of the Lanham Act unprofitable to the infringing party.").

Statutory damages, on the other hand, may have different purposes. For instance, statutory damages may be appropriate when lost profits would be an inadequate measure. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545 (9th Cir.1989), *cert. denied,* 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990). In addition, "when infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Chi–Boy Music,* 930 F.2d at 1228–29; *see also Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 851 (11th Cir.1990). The punitive and deterrent purposes explain the heightened maximum award of $100,000 per infringement under section 504(c)(2). Thus, statutory damages may serve completely different purposes than actual damages.

The line between statutory and actual damages is not always perfectly clear. *See, e.g., Roulo v. Russ Berrie & Co.,* 886 F.2d 931, 941 (7th Cir.1989), *cert. denied,* 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990) ("Profits are awarded [under the Lanham Act] under different rationales including unjust enrichment, deterrence, and compensation."). However, it is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate. *See Nintendo of America, Inc. v. Ketchum,* 830 F.Supp. 1443, 1446 (M.D.Fla.1993) (awarding Nintendo both statutory damages under the Copyright Act and lost profits damages under the Lanham Act against a video game counterfeiter); *Nintendo of America, Inc. v. NTDEC,* 822 F.Supp. 1462 (D.Ariz.1993) (same).[1]

Because Sheng committed two separate violations, we affirm the damages award.

## III

Sheng contends that the district court erred in refusing to apportion damages based

---

1. In *Manufacturers Technologies, Inc. v. Cams, Inc.,* 728 F.Supp. 75 (D.Conn.1989), which Sheng relies upon, the plaintiff sought both actual damages under the Copyright Act and lost profits under the Lanham Act. The court refused to award the latter on the grounds that it would be allowing a "double recovery." *Id.* at 85. This case is distinguishable on the grounds that the plaintiff sought the same type of damages under both acts. By contrast, here Nintendo recovered statutory damages under the Copyright Act.

on the infringing and noninfringing elements of his cartridges.

■ If a plaintiff elects to recover actual damages under the Copyright Act, the court must determine what portion of defendant's profits are "attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *see Frank Music Corp.*, 772 F.2d at 518 ("When an infringer's profits are attributable to factors in addition to use of [its] work, an apportionment of profits is proper."). However, apportionment is simply not an option when statutory damages are elected. Section 504(c), the provision governing statutory damages, makes no mention of apportionment. *See Rogers v. Koons,* 960 F.2d 301, 312 (2d Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 365, 121 L.Ed.2d 278 (1992) ("Alternatively, in place of actual damages and apportioned profits, a copyright owner may elect to recover an award of statutory damages."). Moreover, by assessing statutory damages for only the thirteen Nintendo copyrights that were infringed, the district court did not award Nintendo damages for any of the non-Nintendo games on Sheng's cartridges.

■ Under the Lanham Act, if the district court finds the amount of the award based on profits to be too high, it may "in its discretion" enter judgment for a lower sum. 15 U.S.C. § 1117(a). "[T]he burden is upon [defendant] to prove that sales were 'demonstrably not attributable' to the infringing mark." *Wolfe v. National Lead Co.,* 272 F.2d 867, 872 (9th Cir.1959), *cert. denied,* 362 U.S. 950, 80 S.Ct. 860, 4 L.Ed.2d 868 (1960) (quoting *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.,* 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381 (1942)). The district court's decision whether to apportion damages should be reviewed for abuse of discretion. *See Burger King Corp. v. Mason,* 855 F.2d 779, 781 (11th Cir.1988).

■ The district court's decision not to apportion damages in this case was not an abuse of discretion. First, although Sheng suggested a method of apportionment, it was inappropriate for apportioning trademark damages. Because the Nintendo copyrighted games made up an average of one-third of every cartridge, Sheng argues, any award should be cut to one-third. This method might be adequate to apportion actual damages under the Copyright Act. However, the trademark damages reflect the fact that Sheng advertised the cartridges as Nintendo products. The district court, in its findings of fact, found that Sheng "advertised and sold the multiple-game cartridges as 'Nintendo' games." If Sheng had advertised each cartridge as being only one-third a Nintendo product (and the remainder his own product), he might be entitled to some form of apportionment; but that is not the case here—the entire cartridge was advertised as a Nintendo product.

■ Second, where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff. *See Hamilton–Brown Shoe Co. v. Wolf Bros. & Co.,* 240 U.S. 251, 261–62, 36 S.Ct. 269, 272–73, 60 L.Ed. 629 (1916). Sheng contends that the multiple-game format and Nintendo-compatibility were the cartridges' selling point, not the use of the Nintendo trademark. However, it is difficult to see a workable distinction between Sheng's representations that his cartridges were Nintendo products and his representations that they were Nintendo-compatible Nintendo products. Even if Sheng's assertion was plausible, Sheng did not meet his burden of presenting any evidence at trial on how to apportion damages on this basis.

## IV

■ Sheng contends that under California law a "notice of pendency" may only be filed in a case involving a "real property claim." Cal.Civ.Proc.Code § 405.20. Because Nintendo's claims involved intellectual property and not real property, he argues, the *lis pendens* was improper.

The *lis pendens* filed against Sheng's property in this case was a consensual lien. During a telephone hearing on Sheng's third request for a trial continuance, the district court gave Sheng a choice—he could either go to trial as scheduled or receive a continuance if he stipulated to Nintendo entering a *lis pendens* against his property. In return

for the continuance, Sheng orally consented to the *lis pendens.*

### V

Sheng failed to appeal the award of attorney fees to Nintendo at trial and thus such award stands. Nintendo's request to award attorney fees on appeal is denied. *See Hustler Magazine, Inc. v. Moral Majority, Inc.,* 796 F.2d 1148, 1156–57 (9th Cir.1986).

AFFIRMED.