114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re George SHENG, dba Dragon Pacific International, Debtor,
NINTENDO OF AMERICA, INC., a Washington Corporation,
Plaintiff-Appellant,
v.
Richard J. SPEAR, Trustee of the estate of George Sheng dba
Dragon Pacific International; Nancy Chen,
Defendants-Appellees.
 No. 96-15662.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 18, 1997.
Decided May 21, 1997.
 
 1
 Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and REA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Nintendo of America, Inc. appeals the district court's judgment affirming the bankruptcy court's grant of summary judgment in favor of Richard J. Spear, Trustee of the chapter 7 debtors George Sheng and his former wife Nancy Sheng. The district court agreed with the bankruptcy court that Nintendo's lien against community real property owned by the Shengs was voidable as a preference under 11 U.S.C. § 547(b). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 4
 In reviewing a district court's decision on appeal from a bankruptcy court, we apply the same standard of review applied by the district court. In re Lazar, 83 F.3d 306, 308 (9th Cir.1996). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard, and its conclusions of law are reviewed de novo. Id.
 
 
 5
 As a preliminary matter, we conclude that our decision in Nintendo of America, Inc. v. Dragon Pacific International, 40 F.3d 1007, 1012 (9th Cir.1994) (Nintendo I ) does not bar this case under the doctrine of res judicata because there is insufficient identity of parties and insufficient identity of claims. See Nordhorn v. Ladish Co., 9 F.3d 1402, 1404 (9th Cir.1993).
 
 
 6
 Identity of parties exists only "when two parties are so closely aligned in interest that one is the virtual representative of the other." Id. at 1405. Here, the interests of Sheng, the Trustee, and Sheng's former wife are not sufficiently in harmony for res judicata purposes. Nancy Sheng was not a party to the Nintendo I suit. Thus, she did not have an opportunity to make the argument presented in this case, that the lis pendens recorded by Nintendo during the Nintendo I litigation is invalid under § 1102 of the California Family Code.
 
 
 7
 Nor did Sheng represent the interests of the bankruptcy estate, and thus his former wife's interest in the Property, during the Nintendo I appeal. Following the district court judgment in Nintendo I, Sheng filed for chapter 11 bankruptcy. The bankruptcy court released him from the automatic stay in order to litigate the appeal in Nintendo I. At that time, as a chapter 11 debtor-in-possession, Sheng was a fiduciary for the entire bankrupt estate, including Nancy Sheng's interest. 11 U.S.C. §§ 704, 706. However, before the appeal was adjudicated, the case was converted to chapter 7, and the Trustee was appointed. At that point, Sheng lost both the capacity to bind the entire estate and the obligation to act as a fiduciary for the estate. Thus, Sheng would no longer have the fiduciary obligation to assert Nancy Sheng's claim that the lis pendens was invalid under § 1102. Thus, there is insufficient identity of parties for res judicata to apply.
 
 
 8
 Even assuming arguendo that Sheng remained the debtor-in-possession at the time the Nintendo I briefs were written and that this fact established identity of parties, res judicata still does not apply because there is insufficient identity of claims. The rights at issue in Nintendo I, a suit for copyright and trademark infringement, are different from the rights at issue in this case, which concerns the avoidability of Nintendo's lien as a preference for the purposes of the Bankruptcy Code. It is true that in Nintendo I we upheld the validity of the lis pendens on the Sheng community property at issue in this case. However, we did so in response to Sheng's challenge under California Code of Civil Procedure § 405.21, which provides that a lis pendens may be filed only when the underlying action concerns real property. We concluded that the lis pendens was nonetheless permissible as a "consensual lien." Nintendo I at 1012. Here, we evaluate a challenge to the lis pendens under an entirely different provision of California law, § 1102 of the California Family Code. Moreover, consideration of Nancy Sheng's rights under § 1102 requires examination of certain evidence that was not necessary in Nintendo I, such as evidence establishing the status of the assets in question as community property. Thus, while the two suits arise from the same transactional nucleus of facts, and while the interests established in Nintendo I bear on these proceedings, there is insufficient identity of claims for res judicata to apply. See Nordhorn, 9 F.3d at 1405.
 
 
 9
 We also conclude that Nintendo's lien is voidable as a preference for the purposes of 42 U.S.C. § 547(b). We have already stated that Nintendo's interest, at the moment that the lis pendens was filed, amounted to a "consensual lien." Nintendo I at 1012. The district court allowed Nintendo to file a lis pendens on the community property at issue only because George Sheng consented to it in exchange for a continuance. Under California Family Code § 1102, both spouses must consent to instruments encumbering community property. As a "consensual lien," the lis pendens qualified as such an instrument and is thus invalid because Nancy Sheng did not consent to it. Accordingly, the lis pendens did not establish a transfer within the meaning of § 547(b).
 
 CONCLUSION
 
 10
 For the foregoing reasons, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3