PAR MICROSYSTEMS, INC., Plaintiff,

v.

PINNACLE DEVELOPMENT
CORPORATION, et al.,
Defendants.

No. Civ.A. 3:93–CV–2114–D.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 30, 1997.

Jon L. Roberts, Arter & Hadden, Washington, DC, Charles Imlay Appler, Bennett & Weton, Dallas, TX, Tobey B. Marzouk, Marzouk & Parry, Washington, DC, for Par Microsystems, Inc.

Jay "Jeff" Francis Whittle, Jr., Law Office of Jeff Whittle, Arlington, TX, for Pinnacle Development Corp.

Craig William Weinlein, Carrington Coleman Sloman & Blumenthal, Dallas, TX, for Data Nat. Corp.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The court grants the December 29, 1997 motion for reconsideration of plaintiff PAR Microsystems, Inc. ("PAR") to the extent that the court withdraws its December 16, 1997 memorandum opinion and order and substitutes the following memorandum opinion and order.[1] The court otherwise denies the motion.

In this copyright infringement action, defendants Robert S. Johnson ("Johnson") and Pinnacle Development Corporation ("Pinnacle") move for post-judgment relief. Johnson moves the court to alter or amend the judgment. Pinnacle has filed a renewed motion for judgment as a matter of law, and moves in the alternative for a new trial or to alter or amend the judgment. Plaintiff PAR has applied to recover its attorney's fees and costs. Pinnacle opposes the application and requests a Fed.R.Civ.P. 43(e) hearing. The court grants Johnson's motion to alter or amend the judgment; denies Pinnacle's motion for a new trial, denies in part and defers in part Pinnacle's renewed motion for judgment as a matter of law and motion to alter or amend the judgment; and defers a ruling on PAR's fee application pending a ruling on the remaining portions of Pinnacle's motions and Pinnacle's submission of Rule 43(e) materials. The court denies Pinnacle's request for an evidentiary hearing on attorney's fees.

### I

The court grants Johnson's motion to alter or amend the judgment and concludes that Johnson should recover his attorney's fees as part of his costs, pursuant to 17 U.S.C. § 505.[2]

■ Johnson maintains that because he is a prevailing party, he is entitled to recover his attorney's fees. Awarding attorney's fees to a prevailing party pursuant to § 505 is the rule rather than the exception, and fees should be awarded routinely. *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985). As a prevailing defendant, Johnson is to be treated as if he were a prevailing plaintiff. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). This court in its equitable discretion determines whether Johnson is entitled to a fee award. *Id.* A variety of factors inform the court's discretion, including frivolousness, motivation, objective unreasonableness (factually or legally), and the need in the particular circumstances to advance considerations of compensation and deterrence. *Id.* 510 U.S. at 535 n. 19.

■ PAR sued Johnson individually for in excess of one million dollars, alleging that he was personally liable for copyright infringement. The court can discern from the record no good reason to vary from the rule that fees should be awarded routinely, and therefore awards Johnson his attorney's fees as part of his costs, pursuant to § 505.

■ PAR argues in its motion for reconsideration that Johnson can only recover the cost of opposing PAR's vicarious liability and contributory infringement claims. Because this argument is more appropriately presented in the context of the *amount* rather than the *awardability* of attorney's fees, PAR must raise the contention in its response to Johnson's fee application.

PAR also maintains in its motion for reconsideration that the jury erred in finding in Johnson's favor. The court holds that a reasonable trier of fact could have found from the trial evidence that Johnson was not liable for infringing PAR's copyright.

The court directs that Johnson file his application no later than January 8, 1998. PAR's response will be due on January 23, 1998. Johnson may file a reply no later than February 9, 1998. The court will include such an award in an amended judgment to be

---

1. PAR correctly points out that the court erred in basing its December 16, 1997 decision on the jury's "No" answer to Question No. 3. At the time the court wrote its decision, the clerk's office could not locate the original court file, which contained the jury verdict.

2. 17 U.S.C. § 505:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

entered after the court resolves the remaining portions of Pinnacle's motions.

## II

Pinnacle renews its motion for judgment as a matter of law and moves for a new trial or to alter or amend the judgment. The court denies the motion for a new trial and denies in part and defers in part Pinnacle's renewed motion for judgment as a matter of law and motion to alter or amend the judgment.

### A

The court in its discretion denies Pinnacle's motion for a new trial. *See, e.g., Government Financial Servs. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir.1995) (holding that district court has discretion to grant new trial under Rule 59(a) and that decision to grant or deny motion will be reversed only for abuse of discretion). The court discerns no basis on which to grant such relief.

Pinnacle also renews its motion for judgment as a matter of law, and moves to alter or amend the judgment, on the ground that it did not commit copyright infringement as a matter of law. The court holds that a reasonable trier of fact could have found from the trial evidence that Pinnacle infringed PAR's copyright. The portions of these motions that raise the liability issue are denied.

### B

■ Pinnacle maintains that PAR is not entitled to recover lost profits because it failed to establish causation or to adduce evidence that supports the amount of damages awarded. The cases on which Pinnacle relies in its brief, however, are not *copyright infringement* cases. They are decisions that apply *Texas* law. *See DSC Communications Corp. v. Next Level Communications*, 107 F.3d 322, 329 (5th Cir.1997) (Texas law); *Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 435 (5th Cir.1996) (same); *Fiberlok Inc. v. LMS Enters., Inc.*, 976 F.2d 958, 962–63 (5th Cir. 1992) (same); *Ganz v. Lyons Partnership, L.P.*, 961 F.Supp. 981, 989 (N.D.Tex.1997) (Urbom, J.) (same); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992). In the copyright infringement context, courts apply other standards of proof, such as the "undue speculation" measure. *E.g., Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467, 470 (2d Cir.1985) (addressing 17 U.S.C. § 504(b)): Because Pinnacle has not based its briefing on the applicable standard, the court directs that it file a supplemental brief that analyzes the evidence adduced through Mary Beth Lockwood–Eng and Carl Peshel under the causation and amount of damage standards applied in copyright infringement actions. Pinnacle's supplemental brief must be filed no later than January 8, 1998. PAR may file a responsive brief no later than January 23, 1998. Pinnacle may file a reply brief no later than February 9, 1998. The court will decide the remaining portions of Pinnacle's renewed motion for judgment as a matter of law and motion to alter or amend the judgment after considering this briefing.

### C

Neither party has addressed each form of relief available under 17 U.S.C. § 504(a), nor has the issue of nominal damages been raised. Because such briefing would assist the court, it directs that the supplemental briefs otherwise required by this order include these matters.

■ Without objection concerning the proper measure of damages, the court submitted the damages issue to the jury under the lost profits standard. The court instructed the jury, in pertinent part, as follows:

To the extent you find them proved by a preponderance of the evidence, you should consider the profits that PAR would have accrued but for the defendant's copyright infringement. In order to determine PAR's lost profits, if any, it is necessary to deduct from the gross amount of lost sales, any increase in costs (including overhead) that PAR would have incurred if such lost sales had in fact been made. PAR has the burden of establishing the existence of a causal connection between the copyright infringement of the defendant and some loss of anticipated profits. PAR must offer reasonable evidence regarding the volume of sales PAR would have obtained but for the copyright infringement by the defendant in question.

Ct. Charge at 12–13. *See* Question No. 2. Nevertheless, 17 U.S.C. § 504(a) provides that a copyright infringer is liable either for the copyright owner's actual damages and any additional profits of the infringer, or statutory damages. "Under section 504(c)(1), the copyright owner may elect which measure of damages to recover." *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007, 1010 (9th Cir.1994), *cert. denied,* 515 U.S. 1107, 115 S.Ct. 2256, 132 L.Ed.2d 263 (1995). Pinnacle seems to suggest in its motion that it can lose its causation argument, prevail on its amount of damages argument, and be entitled to a take nothing judgment. Pinnacle does not address, however, whether PAR would be entitled to elect statutory damages and also recover its attorney's fees. It likewise does not deal with whether PAR could recover nominal damages, statutory damages, and attorney's fees. *See, e.g., Branch v. Ogilvy & Mather, Inc.,* 1991 WL 254425, at *1 (S.D.N.Y. Nov.15, 1991) (denying reargument). The court directs that Pinnacle include a discussion of these issues in its supplemental brief.

### III

PAR applies for an award of attorney's fees and costs. Because the outcome of the remaining portions of Pinnacle's substantive motions may affect in some respect the decision on PAR's application, the court will defer a ruling.

The court denies Pinnacle's request for an evidentiary hearing, but grants its request to submit Rule 43(e) materials. Rule 54(d)(2)(C) provides that on request of a party, the court shall afford the party an opportunity to submit adversary submissions. Pinnacle is entitled to this relief. It must file its adversary submissions no later than January 8, 1998, and PAR's reply must be filed no later than January 23, 1998. The court denies Pinnacle's request for an evidentiary hearing. Although oral testimony is permitted under Rule 43(e), the court only hears such evidence when a controlling credibility question is presented. No such issue has yet been presented.

\*　　\*　　\*

For the reasons set out above, the court grants Johnson's motion to alter or amend the judgment; denies Pinnacle's motion for a new trial, denies in part and defers in part Pinnacle's renewed motion for judgment as a matter of law and motion to alter or amend the judgment; and defers a ruling on PAR's fee application pending a ruling on the remaining portions of Pinnacle's motions and Pinnacle's submission of Rule 43(e) materials. The court denies Pinnacle's request for an evidentiary hearing on attorney's fees.

**SO ORDERED.**