TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware Corporation; SFM Entertainment LLC, a Delaware limited liability company; New Line Home Video Inc., a New York Corporation, Plaintiffs–Counter–Defendants—Appellees,

v.

ENTERTAINMENT DISTRIBUTING, an Oregon Corporation; Marathon Music & Video, an Oregon Corporation, Defendants—Appellants,

Dastar Corporation, an Oregon Corporation, Defendant–Counter–Claimant—Appellant,

Random House, Inc., Counter–Defendant—Appellee.

Twentieth Century Fox Film Corporation, a Delaware Corporation; SFM Entertainment LLC, a Delaware limited liability company; New Line Home Video Inc., a New York Corporation, Plaintiffs–Counter–Defendants—Appellees,

v.

Entertainment Distributing, an Oregon Corporation; Marathon Music & Video, an Oregon Corporation, Defendants—Appellants,

Dastar Corporation, an Oregon Corporation, Defendant–Counter–Claimant—Appellant,

Random House, Inc., Counter–Defendant—Appellee.

Twentieth Century Fox Film Corporation, a Delaware Corporation; SFM Entertainment LLC, a Delaware limited liability company; New Line Home Video Inc., a New York Corporation, Plaintiffs–Counter–Defendants—Appellees,

v.

Entertainment Distributing, an Oregon Corporation; Marathon Music & Video, an Oregon Corporation, Defendants—Appellants,

Dastar Corporation, an Oregon Corporation, Defendant–Counter–Claimant—Appellant,

Random House, Inc., sued as Doubleday, a division of Bantam Doubleday Dell Publishing Group, Inc., Counter–Defendant—Appellee.

No. 00–56703, 00–56712, 01–55027.
D.C. No. CV–98–07189–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 19, 2002.

**314**

Before KOZINSKI and GOULD, Circuit Judges, and BREYER, District Judge.*

MEMORANDUM **

■ 1. The tax treatment that President Eisenhower sought for his manuscript *Crusade in Europe* creates a triable issue as to whether he intended the book to be a work for hire. Eisenhower informed Doubleday and the United States Treasury that he wished to have the payment for the book classified as a long-term capital gain, and that he was willing to comply with the required waiting period between the completion of the book and its sale to the publisher. The sale agreement between Eisenhower and Doubleday also gives no indication that the book was a work for hire. Drawing all reasonable inferences in favor of Dastar, *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1035 (9th Cir.2000), we conclude that the evidence raises doubt as to Eisenhower's intent with respect to *Crusade in Europe*. Because "[q]uestions involving a person's state of mind ... are generally factual issues inappropriate for resolution by summary judgment," *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1302

(9th Cir.1999) (alteration in original) (internal quotation marks omitted), we reverse the district court's summary judgment for Twentieth Century Fox on the copyright infringement claim and remand for trial.

■ 2. We affirm the district court's summary judgment on the reverse passing off claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Dastar copied substantially the entire *Crusade in Europe* series created by Twentieth Century Fox, labeled the resulting product with a different name and marketed it without attribution to Fox. Dastar therefore committed a "bodily appropriation" of Fox's series. *See Cleary v. News Corp.*, 30 F.3d 1255, 1261 (9th Cir.1994); *Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F.3d 1434, 1436–37 (9th Cir.1993). Dastar's minimal changes to the series are not sufficient to avoid liability. *See Summit Mach. Tool Mfg. Corp.*, 7 F.3d at 1437 ("A defendant may also be guilty of reverse palming off by selling or offering for sale another's product that has been modified slightly and then labeled with a different name.").[1]

■ We reject Dastar's contention that Twentieth Century Fox must make an independent showing that the series manufactured by Dastar resulted in consumer confusion. Dastar's "bodily appropriation" of Fox's original series is sufficient to establish the reverse passing off, because the "bodily appropriation" test subsumes the "less demanding 'consumer confusion' standard." *Cleary*, 30 F.3d at 1261–62.

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The terms "reverse palming off" and "reverse passing off" are interchangeable. *Summit Mach. Tool Mfg. Corp.*, 7 F.3d at 1437 n. 1.

■ 3. We also affirm the district court's award of Dastar's profits under the Lanham Act. We generally defer to the district court on "any decision concerning the awarding of an accounting of profits remedy." *Playboy Enters. v. Baccarat Clothing Co.,* 692 F.2d 1272, 1275 (9th Cir.1982); *see also Faberge, Inc. v. Saxony Prods., Inc.,* 605 F.2d 426, 429 (9th Cir. 1979). The district court found that Dastar's trademark infringement was deliberate and willful: Dastar purposefully did not include any credits from the Fox series; deleted all images and references to Eisenhower's *Crusade in Europe,* thereby giving the impression that its series was an original work; and continued to market the series even after having been informed that it might be violating Fox's trademark. The district court also found that, because Dastar merely copied Fox's series, no profits were attributable to Dastar's own work. Given these findings, the district court's award of profit to Twentieth Century Fox is not clearly erroneous. *See Playboy Enters.,* 692 F.2d at 1275.

■ The district court did not abuse discretion by doubling the profit award under 15 U.S.C. § 1117(a). The court considered the circumstances of the case, as required by section 1117(a), and doubled the award in order to deter future infringing conduct by Dastar—a permissible ground under the Lanham Act. *Lindy Pen Co. v. Bic Pen Corp.,* 982 F.2d 1400, 1406 (9th Cir.1993); *Playboy Enters.,* 692 F.2d at 1274.

■ We reject Dastar's contention that the award of profits under the Lanham Act duplicated statutory damages awarded under the Copyright Act.[2] Even when based on the same act, copyright infringement and trademark infringement are separate violations and, therefore, "in order to

effectuate the purposes of both statutes, damages may be awarded under both." *Nintendo of Am., Inc. v. Dragon Pac. Int'l,* 40 F.3d 1007, 1011 (9th Cir.1994). The two awards also served different purposes: The statutory damages under the Copyright Act penalized Dastar for its willful infringement of Doubleday's copyright, while the profits awarded under the Lanham Act served to prevent Dastar's unjust enrichment and to deter future infringement of Fox's trademark. *See id.*

4. Finally, we reject Dastar's challenge to the district court's calculation of attorney's fees. There is no evidence that the district court failed to perform an independent examination of the record in calculating the award, and Twentieth Century Fox provided adequate information for such calculation. *See Lobatz v. U.S. West Cellular,* 222 F.3d 1142, 1148–49 (9th Cir. 2000) (affirming a fee award based on summaries of attorney time records, rather than on contemporaneous time records themselves); *Bonnette v. California Health & Welfare Agency,* 704 F.2d 1465, 1473 (9th Cir.1983) (affirming a fee award based in part on reconstructed records).

■ The district court also did not abuse discretion by refusing to reduce Fox's lodestar, because Fox had already excluded any time that appeared unreasonable. *See Davis v. City and County of San Francisco,* 976 F.2d 1536, 1543 (9th Cir.1992). We are unable to rule on Dastar's argument that some remaining time entries are unreasonable because Dastar did not indicate which specific entries it challenges.

The fee award was, however, premised in part on the fact that Fox prevailed on its copyright infringement claim. Because we reverse the summary judgment on that claim, we vacate the attorney's fees award

---

2. Because we remand the copyright infringement claim for trial, this remains a live issue.

and remand to the district court for appropriate re-calculation after the copyright claim is resolved. On remand, the district court may re-examine the reasonableness of any fees relating to the Lanham Act claim.

AFFIRMED in part, REVERSED in part, VACATED in part and REMANDED. No costs.