FILED

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANGKOK BROADCASTING & T.V. CO.,LTD., a Thailand corportation, Plaintiff-counter-defendant-Appellee v. IPTV CORPORATION, a California corporation, Defendant-counter-claimant-Appellant, BKT GROUP; RON PETCHA, an individual; TIP PETCHA, an individual; NOPPADON WONGHAIWAT, an individual, Defendants-Appellants, and THAITV TV an unknown business entity, Defendant, ————————————————— R. TODD NIELSEN; THOMAS P. JEREMIASSEN Receivers. | No. 10-56244 D.C. No. 2:09-cv-03803-WDK-SS MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
William D. Keller, Senior District Judge, Presiding

Argued and Submitted October 8, 2013
Pasadena, California

Before: REINHARDT and CHRISTEN, Circuit Judges, and SETTLE, District
Judge.**

_____
    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The Honorable Benjamin Hale Settle, United States District Judge for
the Western District of Washington, sitting by designation.

Ron Petcha and BKT Group Corp. ("Appellants") appeal judgment in favor

of Bangkok Broadcasting & T.V. Co., Ltd. ("BBTV") following a jury verdict of

willful copyright infringement and trademark infringement. We have jurisdiction

under 28 U.S.C. § 1291 and affirm the verdict and judgment.

First, Appellants argue that the jury verdict of $1.6 million for copyright

infringement and $1.3 million for trademark infringement is inconsistent because

the different amounts were based on the same evidence of damages. Although

labeled an "inconsistent verdict" issue, Appellants' actual argument is that there

was insufficient evidence to support a verdict of $2.9 million in combined actual

damages. This argument is procedurally barred because Appellants failed to perfect an appeal on this issue by filing an Amended Notice of Appeal. Fed. R. App. P. 4(a)(4)(B)(i)–(ii); *Culinary & Serv. Emps. Union v. Haw. Emp. Benefit Admin., Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("A timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional.").

Second, Appellants argue that the district court erred in entering a judgment for statutory copyright damages and actual trademark damages because the judgment amounts to double recovery. This argument is foreclosed by *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) ("It is clear enough that, when a defendant violates both the Copyright Act and the Lanham Act, an award of both types of damages is appropriate.").

Finally, Appellants argue that they are entitled to a new trial because they were substantially prejudiced by the district court's erroneous admission of two exhibits. Neither admission was an abuse of discretion, and, even if both were, Appellants have failed to show that "more probably than not," the alleged evidentiary errors "tainted the verdict." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). Therefore, Appellants are not entitled to a new trial.

**AFFIRMED.** Each party to bear its own costs.

3