**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERCADO LATINO, INC., DBA Continental Candle Company, | No. 13-57009 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01027-DDP-RNB |
| v. | |
| INDIO PRODUCTS, INC., a California corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

Before: CLIFTON, CALLAHAN, and IKUTA, Circuit Judges.

Plaintiff-Appellant Mercado Latino, Inc. (Mercado) appeals the district

court's order dismissing its complaint for failure to state a claim for relief. We

have jurisdiction under 28 U.S.C. § 1291. We reverse and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. The district court erred in dismissing Mercado's claim for trade dress infringement, as it was not "preempted" by the Copyright Act. Plaintiffs may bring claims for copyright and trade dress infringement based on the same wrongful conduct. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 208 (2000); *see also Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (recognizing the validity of a trademark infringement claim under the Lanham Act when the plaintiff also brought a copyright infringement claim based on the same wrongful conduct).

Defendant-Appellee Indio Products, Inc. (Indio) argued before the district court that Mercado's trade dress claims were "copyright claims disguised as trademark claims[,] and thus precluded" by the Copyright Act. It cited the Supreme Court's refusal to extend "trademark and related protections into areas traditionally occupied by patent or copyright," *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003), and the Ninth Circuit's decision not to "expand the scope of the Lanham Act to cover cases in which the Federal Copyright Act provides an adequate remedy." *Shaw v. Lindheim*, 919 F.2d 1353, 1364-1365 (9th Cir. 1990).

The district court's reliance on *Dastar* and *Shaw* was misplaced. Both of those cases addressed the narrow instance in which a plaintiff alleges the defendant

2

has violated the Lanham Act by falsely designating the origin of "a communicative product," i.e., a product "that is valued not primarily for its physical qualities, such as a hammer, but for the intellectual content that it conveys, such as a book or . . . a video." *Dastar*, 539 U.S. at 33. *Dastar* declined to extend the protections of the Lanham Act to cover the plaintiff's claim that the defendant falsely designated the origin of a video series, a communicative product, because such allegations "cause[] the Lanham Act to conflict with the law of copyright." *Id.*; *see also Shaw*, 919 F.2d at 1364 (affirming the district court's dismissal of plaintiff's Lanham Act claim alleging that defendants copied a television show script and committed "reverse passing off" by selling it under their own label). Importantly, neither *Dastar* nor *Shaw* addressed traditional trademark and trade dress claims that allege a defendant's production of tangible goods are so similar to the plaintiffs as to confuse consumers.[1]

Here, Mercado is not alleging that Indio has falsely designated the origin of "a communicative product." Thus, Mercado's trade dress allegations do not raise any concern that its claims will "cause[] the Lanham Act to conflict with the law of copyright." Rather, Mercado alleges a traditional trade dress claim that Indio's candles bear a design so similar to Mercado's protected trade dress that consumers

---

[1]Neither party brought this distinction to the district court's attention.

are confused into believing that Indio's candles are Mercado's. Thus, as in *Wal-Mart*, Mercado may bring its claim for trade dress infringement under Section 43 of the Lanham Act regardless of whether its claim for copyright infringement is based on the same facts. "Congress created two separate statutory schemes to govern copyrights and trademarks; in order to effectuate the purposes of both statutes, damages may be awarded under both." *Nintendo*, 40 F.3d at 1011; *see also Wal-Mart*, 529 U.S. at 216 (holding "in an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning"; leaving undisturbed jury verdict of copyright infringement); *id.* at 214 ("[A] producer can ordinarily obtain protection for a design that *is* inherently source identifying (if any such exists), but that does not yet have secondary meaning, by securing . . . a copyright for the design—as, indeed, respondent did for certain elements of the designs in this case.").

In reversing the dismissal of Mercado's trade dress claim, we reject Indio's argument that our review is limited to the First Amended Complaint. When we review a final order dismissing an action, we "consider in a single appeal all interlocutory rulings" regardless of "whether the claims on appeal are presented in one document or are sections in several complaints." *Lacey v. Maricopa County*,

4

693 F.3d 896, 928 (9th Cir. 2012) (en banc). We also conclude that the district court abused its discretion by striking Mercado's additional trade dress allegations from the Second Amended Complaint, because the district court failed to identify the scope of leave to amend.

2. We also reverse the district court's dismissal of Mercado's claim for trademark infringement. Mercado's allegations regarding Indio's purported sale of Mercado candles in Indio boxes constituted facts sufficient to plead a reverse passing off claim notwithstanding the First Sale Doctrine. *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085–1087 (9th Cir. 1998). Because we decide that Mercado successfully pled a trademark infringement claim under the repackaging notice exception to the First Sale Doctrine, we do not reach the question whether Mercado also pleaded a claim under the quality control exception. *Id.* at 1087.

3. Because we reverse the district court's dismissal of Mercado's trade dress and trademark infringement claims, we also reverse the dismissal of Mercado's derivative claims for unfair competition and intentional interference with prospective economic advantage.

Each side is to bear its own costs.

**REVERSED AND REMANDED.**

5