**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MURRAY COLIN CLARKE, an individual; BIOZEAL, LLC, a Delaware limited liability company, | No. 24-3411 |
| | D.C. No. 2:21-cv-03463-HDV-RAO |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM* |
| TNSG HEALTH CO., LTD., a United Kingdom Limited Company; ALPS HOLDING COMPANY LIMITED, a Seychelles limited company, | |
| Defendants - Appellants, | |
| and | |
| MOM'S GARDEN CO. LTD., a German limited liability company, NATURE'S PRIME, LLC, a Colorado limited liability company, NATURALIST, INC., a California corporation, TILIS CO. LTD., a Hong Kong corporation, WILD FOREST, INC., a California corporation, QIDONG LU, ZHIJUAN GUO, an individual, MOM'S GARDEN GMBH, a a German limited liability company, | |
| Defendants. | |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| MURRAY COLIN CLARKE; BIOZEAL, LLC, | No. 24-3414 |
| Plaintiffs - Appellees, | D.C. No. 2:21-cv-03463-HDV-RAO |
| v. | |
| QIDONG LU; ZHIJUAN GUO, an individual, | |
| Defendants - Appellants, | |
| and | |
| TNSG HEALTH CO., LTD., ALPS HOLDING COMPANY LIMITED, | |
| Defendants. | |

| | |
|---|---|
| MURRAY COLIN CLARKE; BIOZEAL, LLC, | No. 24-3417 |
| Plaintiffs - Appellees, | D.C. No. 2:21-cv-03463-HDV-RAO |
| v. | |
| MOM'S GARDEN CO. LTD., a German limited liability company; MOM'S GARDEN GMBH, a German limited liability company; NATURE'S PRIME, LLC, a Colorado limited liability company; NATURALIST, INC., a California corporation; TILIS CO. LTD., a Hong Kong corporation; WILD FOREST, INC., a California corporation, | |
| Defendants - Appellants, | |
| and | |

2

TNSG HEALTH CO., LTD., ALPS
HOLDING COMPANY LIMITED,

        Defendants.

---

MURRAY COLIN CLARKE; BIOZEAL,
LLC,

        Plaintiffs - Appellees,

  v.

TNSG HEALTH CO., LTD.; ALPS
HOLDING COMPANY LIMITED,

        Defendants - Appellants.

No. 24-5440

D.C. No.
2:21-cv-03463-HDV-RAO

---

MURRAY COLIN CLARKE; BIOZEAL,
LLC,

        Plaintiffs - Appellees,

  v.

QIDONG LU; ZHIJUAN GUO,

        Defendants - Appellants.

No. 24-5441

D.C. No.
2:21-cv-03463-HDV-RAO

---

MURRAY COLIN CLARKE; BIOZEAL,
LLC,

        Plaintiffs - Appellees,

  v.

MOM'S GARDEN CO. LTD.; MOM'S
GARDEN GMBH; NATURE'S PRIME,
LLC; NATURALIST, INC.; TILIS CO.

No. 24-5442

D.C. No.
2:21-cv-03463-HDV-RAO

3

LTD.; WILD FOREST, INC.,

Defendants - Appellants.

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted October 7, 2025[**]
Pasadena, California

Before: GILMAN, WARDLAW, and KOH, Circuit Judges.[***]

TNSG Health Co., Ltd., Alps Holding Co. Ltd., Qidong Lu, Zhijuan Guo, Mom's Garden Co. Ltd., Mom's Garden GmbH, Nature's Prime LLC, Naturalist Inc., Tilis Co. Ltd., and Wild Forest, Inc. (collectively, "Appellants") appeal from the district court's orders issuing default judgment against Appellants and awarding attorneys' fees and costs to Murray Clarke and Biozeal, LLC (collectively, "Appellees") in this trademark infringement dispute. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision. We affirm.

1.     The district court erroneously entered default judgment without considering or ruling on Appellants' motions to set aside the entry of default. The

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

4

district court cited *United States v. One 1994 BMW 325, Vehicle Identification No. (VIN) WBABF4323REK13663*, 99 F. App'x 793, 794 (9th Cir. 2004), for the proposition that Appellants were not permitted to oppose Appellees' motions for default judgment after the entry of default. However, *One 1994 BMW* involved an in rem civil forfeiture action, and its application here is clearly inapposite. *See id.*

However, the district court's treatment of the set-aside motions did not prejudice Appellants. Their motions failed to show good cause. *See* Fed. R. Civ. P. 55(c) (permitting a court to set aside an entry of default for "good cause" shown). A party in default bears the burden of showing good cause. *Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "The good cause analysis considers three factors: (1) whether [Appellants] engaged in culpable conduct that led to the default; (2) whether [Appellants] had [no] meritorious defense; [and] (3) whether reopening the default . . . would prejudice [Appellees]." *Id.* at 925–26. "As these factors are disjunctive," a court is "free to deny" a motion to set aside default "if any of the three factors [are] true." *Id.* at 926 (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

Here, Appellants failed to establish any of the three good cause factors,

much less all three.[1]

a. First, because "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond," Appellants' conduct is "culpable for purposes of the [good cause] factors." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (alteration in original) (quoting *TCI Grp.*, 244 F.3d at 698). Because Appellants flouted the district court's order to retain counsel and failed to respond to the amended complaint, the district court properly concluded that Appellants "deliberately abandoned this litigation." Moreover, Appellants have engaged repeatedly in egregious litigation conduct, including evading Appellees' discovery efforts.

b. Second, Appellants failed to present the court with "specific facts" that would constitute a meritorious defense. *Franchise Holding*, 375 F.3d at 926. Appellants' motions to set aside the entry of default raised three defenses: (1) personal jurisdiction, (2) service of process, and (3) the insufficiency of the

---

[1] Additionally, Appellants declined the district court's explicit invitation to file motions to set aside the default judgment under Federal Rule of Civil Procedure 60(b). "The good cause standard that governs vacating an entry of default under Rule 55(c) is the *same* standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding*, 375 F.3d at 925 (emphasis added); *accord TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended* (May 9, 2001). Because the district court would have applied the same good cause standard, Appellants' failure to file Rule 60(b) motions is another reason Appellants were not unfairly prejudiced.

complaint's allegations. None is meritorious.

As to personal jurisdiction, the district court properly found at the motion-to-dismiss stage that TNSG Health Co., Ltd. ("TNSG") is subject to specific jurisdiction in California. The district court properly found all remaining Appellants to be alter egos of TNSG. There is extensive overlap in ownership, employees, and locations across all Appellants, and Appellees have adequately alleged that "an adherence to the fiction of the separate existence of the [Appellants] would sanction a fraud or promote injustice." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (cleaned up). Thus, as TNSG is subject to specific jurisdiction in California, personal jurisdiction extends to all alter ego Appellants. *See Ranza v. Nike*, 793 F.3d 1059, 1073 (9th Cir. 2015) ("[T]he alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." (emphasis omitted)).[2]

As to service of process, TNSG was properly served with the amended complaint through its then-counsel, Venable. *See* C.D. Cal. L. R. 15-3 ("An amended pleading allowed by order of the Court shall be deemed served upon the

---

[2] We note that personal jurisdiction can be exercised over all Appellants for an additional, independent reason: The district court has general jurisdiction over Naturalist, Inc. and Wild Forest, Inc., both of which are alter egos of TNSG that are incorporated in California.

parties who have previously appeared on the date the motion to amend is granted."). Appellants do not dispute that proper service on one Appellant constitutes proper service on all alter egos. *See Certified Bldg. Prods., Inc. v. NLRB*, 528 F.2d 968, 969 (9th Cir. 1976) (concluding that service on an alter ego corporation constitutes proper service on an individual).[3]

As to the sufficiency of Appellees' complaint, Appellants argue only that Appellees failed to plausibly allege that the marks at issue were used in commerce "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a). However, the complaint includes "sufficient factual enhancement to cross the line between possibility and plausibility" on this element of its trademark claims. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (cleaned up). The complaint attaches trademark applications filed by TNSG and Alps that certify, under penalty of perjury, that the products bearing the allegedly infringing marks have been "used in commerce." The daylight between "use in commerce" and use

---

[3] We note that service was proper for two additional, independent reasons. First, Alps Holding Co. Ltd. was properly served via its "domestic representative," Sharoni Finkelstein at Venable. *See* 15 U.S.C. § 1051(e) (permitting a trademark applicant "not domiciled in the United States" to designate "a person resident in the United States on whom may be served notices or process in proceedings affecting the mark"). Second, Naturalist, Inc. and Wild Forest, Inc. (both California corporations) were served by personal delivery to their registered agent authorized to accept service on their behalf. *See* Fed. R. Civ. P. 4(h)(1); Cal. Code Civ. Proc. § 416.10.

in commerce "in connection with the sale, offering for sale, distribution, or advertising of any goods or services" is narrow. Appellants identify only one activity—transportation for purposes other than distribution—that it alleges would count as "use in commerce" that is not "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." It is entirely plausible to infer that the "use in commerce" certified by Appellants during their trademark registrations did not fall within the single transportation exception identified by Appellants.

c. Third, Appellants have failed to establish that Appellees would not be prejudiced if the default were set aside. If setting aside a default would "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion," it is considered prejudicial. *TCI Grp.*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Here, setting aside the default could provide Appellants with an opportunity to further collude in their counterfeiting efforts or shift assets between related entities. Such collusion is not entirely speculative. When TNSG was the only Defendant in this action, it "surrendered" disputed trademark registrations, but (unbeknownst to Appellees) a TNSG alter ego then promptly reapplied for the same marks.

Accordingly, because Appellants have failed to show good cause, we conclude that the district court's failure to consider Appellants' motions to set aside the entry of default was harmless. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("We may affirm on any ground finding support in the record.").

2.     We conclude that the district court did not abuse its discretion in granting Appellees' motion for default judgment. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) ("We review the district court's factual findings for clear error, and review the grant of a default judgment for abuse of discretion."). Under *Eitel v. McCool*, courts consider the following factors in considering a motion to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

782 F.2d at 1471-72.

On appeal, Appellants challenge the district court's analysis as to four factors: the possibility of prejudice (factor 1), the sufficiency of the complaint (factor 3), excusable neglect (factor 6), and the strong policy favoring decisions on the merits (factor 7). However, as discussed above, Appellees would likely be prejudiced in the absence of the default judgment, Appellants' challenge to the sufficiency of the complaint is unavailing, and the entry of default was not due to

excusable neglect, but rather was caused by Appellants' culpable conduct. We identify no clear error in the district court's factual findings and conclude that the district court thus acted within its discretion in determining that *Eitel* factors 1, 3, and 6 favored the entry of default judgment. The district court also acted within its discretion in concluding that the strong policy favoring decision on the merits did not preclude entry of default judgment here given its well-supported finding that Appellants' "conduct to date" did not suggest that Appellants "intend to engage in good faith litigation toward a final decision on the merits."

3.      The district court did not abuse its discretion in awarding $4,000,000 in statutory damages. *See Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994) ("The district court's award of damages under the Lanham Act is reviewed for abuse of discretion."). Under the Lanham Act, a trademark plaintiff may recover statutory damages in lieu of actual damages and profits. 15 U.S.C. § 1117(c). "[I]f the court finds that the use of the counterfeit mark was willful," it may award "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Here, the district court properly found that Appellants' infringement was willful, and its award of $2,000,000 for each of the two marks at issue fell within the range of statutory damages permitted by Congress. Appellants' arguments to

11

the contrary are unavailing.

First, Appellants argue that Appellees have failed to demonstrate any actual damages, so the district court should have awarded nothing. However, "[s]tatutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant." *Harris v. Emus Recs. Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (interpreting a similarly worded copyright infringement provision). Indeed, "[s]everal courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Otter Prods., LLC v. Berrios*, No. 13-cv-4384, 2013 WL 5575070, at *9 (C.D. Cal. Oct. 10, 2013) (quoting *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008)). Here, information relevant to actual damages (*e.g.*, Appellants' sales, the extent of the marketing of the infringing product) was within Appellants' control. Given Appellants' repeated noncompliance with Appellees' discovery efforts, Appellees' failure to prove actual damages should not preclude their recovery of statutory damages.

Second, Appellants argue that the maximum statutory damages award was unwarranted. However, "when infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo*, 40 F.3d at 1011 (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d

1224, 1228-29 (7th Cir. 1991)). Given Appellants' conduct throughout the litigation, the district court acted within its discretion in awarding the statutory maximum for deterrence and punitive purposes.

4.      The district court did not abuse its discretion in awarding $5,299,205.88 in attorneys' fees. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam) ("[O]ur review of the district court's decision on fees awarded under the Lanham Act is for abuse of discretion."). Under the Lanham Act, the district court may award "reasonable attorney fees" in "exceptional cases." 15 U.S.C. § 1117(a).

Here, the district court acted within its discretion in concluding that this is an "exceptional case" given Appellants' willful infringement and its unreasonable litigation conduct. The court also acted within its discretion in calculating the fee award. The district court reviewed Appellees' counsel's billing records and concluded that the hours billed were reasonable and that the rates sought were consistent with prevailing market rates. *See McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The district court also permissibly applied an "across-the-board haircut of 5% to eliminate any 'fat' in the billing records." *See*, *e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Appellants' sole argument on this issue is that the district court erred by ignoring its opposition to the Appellees' fees motion. Appellants offer no basis for

13

this assertion beyond the district court's failure to explicitly address Appellants' specific objections in the fees order. We note that the district court was not required to explicitly respond to or rebut Appellants' arguments. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("Sometimes a judicial opinion responds to every argument; sometimes it does not . . . ."). But even if the district court had improperly ignored Appellants' opposition, Appellants have failed to demonstrate prejudice. On an independent review, we conclude that Appellants' objections to the fee award lack merit.

**AFFIRMED**.